UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| INTEGRICO COMPOSITES, INC. | § | CIVIL ACTION NO.:15-cv-02788 |
| Plaintiff | § | |
| | § | |
| VERSUS | § | JUDGE: |
| | § | |
| SOUTHLAND PROCESS | § | |
| GROUP, LLC | § | |
| Defendant | § | MAGISTRATE JUDGE: |

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes INTEGRICO COMPOSITES, INC., who would show:

1.

This is a civil action in which the District Courts of the United States have been given original jurisdiction. The Plaintiff, Integrico Composites, Inc., (hereinafter "IntegriCo") is a corporate entity organized under the laws of the State of Delaware, with its principal place of business in Temple, Texas. Defendant, Southland Process Group, LLC, (hereinafter "SPG") is not a citizen of the state in which this action is brought. SPG, is a limited liability company organized under the laws of the State of Georgia and has its principal place of business in Georgia. Upon information and belief, all members of SPG are citizens of Georgia. Jurisdiction therefore exists by reason of 28 U.S.C. §1332 as the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

2.

Venue is proper in the Western District of Louisiana pursuant 28 USC §1391 in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Webster Parish, Louisiana, and the contract at issue in this complaint was a contract for work to be performed on immovable property located in Springhill, Louisiana. Venue is further proper based on contractual provisions that establish venue in the Western District of Louisiana, specifically Section 20.4 of the contract between the parties hereto.

3.

The Defendant can be served through its Registered Agent, Incorp Services, Inc., 3867 Plaza Tower Drive, 1st Floor, Baton Rouge, Louisiana 70816.

4.

On December 10, 2014, IntegriCo and SPG entered into a contractual agreement (hereinafter the "Agreement") for the construction of a railroad tie production facility in Springhill, Louisiana (hereinafter "Facility"), said agreement being attached hereto as Exhibit A.

5.

IntegriCo, referred to in the Agreement as "Owner", desired to develop a composite railroad tie production facility, and entered into the Agreement with SPG for the procurement, construction, construction management, installation, commissioning and start up, and for testing services and related services.

6.

Under the terms of the Agreement, SPG agreed that the facility would be substantially completed and production of the railroad ties would begin no later than July 28, 2015.

7.

SPG has breached the Agreement, including, but not limited to the following:

- A. SPG failed to implement early and effective management which led to improper planning and resource allocation and ultimately failed to bring the Facility into production as set forth by the Agreement.

- B. SPG failed to report to IntegriCo as required by the Agreement.

- C. SPG failed to provide detailed labor accounting and oversight as required by the Agreement.

- D. SPG failed to provide detailed and timely updates to the "Target Costs" and budget as required by the Agreement.

- E. SPG failed to exercise good faith in the performance of the Agreement, in violation of the Agreement and Louisiana law when SPG intentionally mislead IntegriCo regarding the schedule for completion of the work and the overall budget and vendor finances.

- F. SPG violated the Agreement when it abandoned the job on October 26, 2015, and also when it failed to notify IntegriCo of this action.

- G. Any other breaches that may be revealed upon further investigation and discovery.

8.

IntegriCo files this Complaint seeking a declaratory judgment that SPG has breached the Agreement and damages resulting from the breach by SPG.

## RETAINAGE

9.

Further, in accordance with the Agreement, IntegriCo reserved 1.3 million dollars as "retainage" to be released upon the satisfactory completion of the work contemplated by the Agreement.

10.

On September 24, 2015, IntegriCo became aware that SPG had not paid all of the vendors as required under the Agreement, and requested a full accounting of outstanding balances.

11.

On September 29, 2015, SPG confirmed that it owes over $1.7 million to vendors.

12.

Since that date, IntegriCo has received numerous contacts from SPG's vendors regarding late SPG payments.

13.

Despite the fact that SPG never achieved substantial completion of the job, and the Facility was never put into production as anticipated by the contract, SPG has demanded that IntegriCo release the retainage and make additional payment to SPG, and has filed a lien on the immovable property for these amounts, said lien being attached hereto as Exhibit B.

14.

IntegriCo advised SPG that it would make no further payment until performance metrics were fully met, a full and comprehensive safety review is conducted, and SPG's vendors were brought current and any liens released.

15.

IntegriCo seeks a declaratory judgment that the Agreement has been breached by SPG and that IntegriCo is therefore entitled to hold the retainage until all SPG vendors and subcontractors have been paid in full and all parties, including SPG, have provided IntegriCo with the lien releases as required by the Agreement.

16.

IntegriCo further seeks a judgment against SPG for any amounts beyond the retainage that IntegriCo pays to satisfy debts owed to SPG's vendors and subcontractors for work done at the Facility and/or pursuant to the Agreement, and judgment ordering that the lien placed on the Facility by SPG be released by SPG.

## SAFETY

17.

SPG was obligated under the Agreement to ensure the safety devices and safeguards were in place in the Facility.

18.

On October 7, 2015 an incident occurred at the Facility resulting in serious injury.

19.

Upon investigation by OSHA, it was confirmed that a lack of adequate safety devices and safeguards were in place at the time of the injury, which resulted in the injury in further breach of SPG's obligations under the Agreement.

20.

IntegriCo therefore seeks a judgment against SPG for damages incurred by IntegriCo due to SPG's failure to provide adequate safety devices and safety features, which include the cost to correct the deficiency, the delay in production due to the injury and to install the safety devices and features, and any other costs incurred by IntegriCo due to the injury and resulting delay.

21.

Further, the image of IntegriCo's Facility has been tarnished to the Facility employees, to OSHA personnel and to the public, and IntegriCo is entitled to recover damages for this loss from SPG.

<u>COMPLETION OF PROJECT</u>

22.

Because SPG abandoned the project prior to the completion of the Facility as anticipated by the Agreement, IntegriCo has been forced to hire additional contractors to complete the job and bring the Facility into full production. IntegriCo has been forced to pay additional contractors to complete the work that SPG should have completed to bring the Facility into full production.

23.

To the extent IntegriCo has already paid SPG for the work for which it has had to repay new contractors, IntegriCo is entitled to be reimbursed by SPG for paying these costs again.

24.

If IntegriCo has not yet paid SPG for the work, IntegriCo is entitled to recover for any costs exceeding the amount it would have paid SPG for the same work had SPG performed the Agreement in good faith.

25.

In either event, IntegriCo seeks recovery for damages resulting from the delay in completion of the work caused by SPG's breach of the Agreement.

CONCLUSION

26.

IntegriCo's efforts to reach a solution with SPG have failed, and IntegriCo has determined that any further efforts to resolve the matter would be in vain.

WHEREFORE, INTEGRICO PRAYS for judgment as follows:

A.) Declaring that SPG has breached the December 10, 2014, Agreement with IntegriCo;

B.) Declaring that IntegriCo is not required to make any further payment to SPG under the breached Agreement;

C.) In favor of IntegriCo requiring SPG to pay IntegriCo's damages caused by SPG's breach, which include, but are not limited to:

(1) Payments by IntegriCo to subcontractors and vendors for work or materials for which IntegriCo has already paid SPG but for which SPG did not pay the subcontractor or vendor;

(2) Additional costs incurred by IntegriCo to bring the Facility into production;

(3) Cost and losses to IntegriCo caused by the delay in the Facility being brought into production;

(4) All costs and losses incurred by IntegriCo due to and caused by SPG's failure to implement proper safety procedures and safeguards, including damages for delay in production to remedy the safety failures, the cost to remedy safety failures, and the loss to IntegriCo due to the serious injury resulting from the safety failures, as well as losses for tarnishment of IntegriCo's image due to SPG's safety failures;

(5) Attorneys' fees and costs in bringing this action.

In the alternative, if this Honorable Court determines that IntegriCo is not relieved of making additional payments to SPG as prayed for in section B), IntegriCo prays for judgment awarding all costs associated with bringing the Facility into full production and for all work done by IntegriCo that SPG was required to complete under the Agreement, but failed to complete, as well as damages for delay in production, in addition to all relief prayed for in A) and C) above, as well as all other damages incurred by IntegriCo as a result of SPG's breach of the Agreement, and any further relief allowed by law.

*[Signature appears on next page]*

Respectfully submitted,

HARGROVE, SMELLEY, STRICKLAND & LANGLEY
(A Professional Law Corporation)


By /s/ Glenn L. Langley
     Glenn L. Langley
     Bar Roll No. 8019

     Julianna P. Parks
     Bar Roll No. 30658

401 Market Street, Suite 600 (71101)
Post Office Box 59
Shreveport, Louisiana 71161-0059
(318) 429-7200
(318) 429-7201 (Facsimile)
glangley@hss-law.net
jparks@hss-law.net

ATTORNEYS FOR INTEGRICO COMPOSITES, INC.